UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

        Plaintiff,

                                        CASE NO. 2:11-CV-13767
v.                                   HONORABLE PATRICK J. DUGGAN
CORRECTIONS OFFICER LEFFLER,
SARGENT HOWARD, REGULAR UNIT
OFFICER MCMURTRIE, CORRECTIONS
OFFICER DOWNARD, AREA UNIT
SUPERVISOR GIBBS, WENSKO, REGULAR
UNIT OFFICER KING, UNKNOWN CORRECTIONS
OFFICER, CAPTAIN JOHNSEN, SARGENT NICHOLS,
SARGENT RINLMAN, SARGENT LONG, REGULAR
UNIT OFFICER DOERING, GRIEVANCE
COORDINATOR JAMES EATON, ASSISTANT
DEPUTY WARDEN W, CHAPMAN, DEPUTY WARDEN
LEE MCROBERTS,

                    Defendants.

_____/

## <u>OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL</u>

## I.  INTRODUCTION

       Michigan prisoner Bryan Cary ("Plaintiff"), who is currently confined at the E.C.

Brooks Correctional Facility in Muskegon, Michigan, filed this pro se civil rights case

pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that, while detained at the Gus Harrison

Correctional Facility in Adrian, Michigan, he was subjected to retaliation and denied

medical care, protection from improper conduct by corrections personnel, and access to

the courts through the denial of his grievances.  Plaintiff names 16 Michigan Department

of Corrections ("MDOC") employees from Gus Harrison as defendants and indicates that

he is suing them in their personal capacities.  Plaintiff also refers to an additional

defendant, "Rum Condon," in the body of his complaint.  He seeks monetary damages and other appropriate relief.  The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a)(1).

## II.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss a complaint filed without prepayment of fees before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is required similarly to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to

2

relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). With these pleading standards in mind, the Court finds that portions of Plaintiff's complaint are subject to summary dismissal.

Plaintiff alleges that Defendants Eaton, Chapman, McRoberts, Gibbs, and Condon violated his rights under the First, Eighth, and/or Fourteenth Amendments by failing to investigate his complaints, improperly handling his grievances, and denying his grievances (Claims 3, 4, 5). Plaintiff's claim alleging a denial of his First Amendment right of "access to the courts" must be dismissed. Prisoners have a constitutional right of access to the courts which the states have a duty to protect. *See Bounds v. Smith*, 430

3

U.S. 817, 821-22, 97 S. Ct. 1491, 1494-1495 (1977).  A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174, 2192 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).  To state a §1983 claim for the denial of access to the courts, a plaintiff must allege that the deprivation was the result of intentional conduct, *see Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006), and must make some showing of prejudice or actual injury resulting from the challenged conduct.  *Lewis*, 518 U.S. at 351, 116 S. Ct. at 2180.  This can be done by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *see also Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).  In this case, Plaintiff neither alleges nor establishes facts showing prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by Defendants' actions.  He therefore fails to state a claim that his constitutional right of access to the courts has been denied.

To the extent that Plaintiff alleges a violation of his First Amendment right to file a meaningful grievance for redress against the government and asserts that these Defendants failed to adequately respond to his concerns, his claims must also be dismissed.  The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  However, while a

4

prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *See Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure. *See e.g., Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Plaintiff is dissatisfied with Defendants' responses to his complaints or grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Lastly, these defendants cannot be held liable for alleged misconduct by other defendants. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92, 98 S. Ct. 1018, 2036-38 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of*

5

*Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so. Any claim that these defendants failed to properly supervise another employee, should be vicariously liable for another employee's actions or inaction, and/or did not properly respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Claims 3-5 of Plaintiff's complaint therefore must be dismissed.

Plaintiff also alleges that Defendants Doering, Gibbs, Nichols, Long, Rinlman, and Johnsen violated his Eighth Amendment rights by refusing to protect him from staff they knew were retaliating against him for writing grievances (Claim 2). Plaintiff has failed to allege facts supporting such a claim. Any claim that these defendants failed to properly supervise others, should be vicariously liable, or did not properly respond to the situation fails to a claim under § 1983. *See Shehee*, 199 F.3d at 300; *Martin*, 14 F. App'x at 309. Conclusory allegations are also insufficient to state a civil rights claim under § 1983. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57, 127 S. Ct. at 1964-65. As discussed *infra*, Plaintiff does allege facts to support an Eighth Amendment claim against Defendant Gibbs for denial of medical care; however, Plaintiff already includes Gibbs in another claim in which he assert that he was denied medical care in violation of his Eighth Amendment rights (Claim 1). For these reasons, Count 2 of Plaintiff's complaint also must be

6

dismissed.

Having reviewed the complaint and considering the pleading standard for pro se actions, however, the Court finds that Plaintiff's medical care claim against Defendants Leffler, Downard, McMurtrie, King, an unknown officer, Howard, Wensko, and Gibbs (Claim 1) is not subject to summary dismissal. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291 (1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" and that such indifference can be "manifested by . . . prison guards in intentionally denying or delaying access to medical care"). Additionally, the Court finds that Plaintiff alleges a viable retaliation claim in his statement of facts against Defendants Leffler, Downward, and McMurtrie. *See, e.g., Thaddeus-X*, 175 F.3d at 394 (setting forth standard for retaliation claims). While Plaintiff may not ultimately prevail on those claims, he pleads sufficient facts to state a civil rights claim at this stage of the proceedings. Accordingly, service of the medical care and retaliation claims upon Defendants Leffler, Downard, McMurtrie, King, Howard, Wensko, and Gibbs is warranted.

### III.  CONCLUSION AND ORDER

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted in the second, third, fourth and fifth claims asserted in his complaint and against Defendants Johnsen, Nichols, Rinlman, Long, Doering, Eaton, Chapman, and McRoberts. Accordingly, the Court **DISMISSES WITHOUT**

7

**PREJUDICE** those claims and Defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff alleges a viable medical care claim against Defendants Leffler, Downard, McMurtrie, King, the unknown officer, Howard, Wensko, and Gibbs and retaliation claim against Defendants Leffler, Downard, and McMurtrie. Those claims and Defendants are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

Dated: October 27, 2011                         s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Bryan Allen Cary, #269436
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI   49444