UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY (#269436),

      Plaintiff,

CASE NO. 2:11-CV-13767
JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

LEFFLER, et al.,

      Defendants,
_____/

**ORDER REGARDING PLAINTIFF'S MOTION TO REQUEST ASSISTANCE OF COUNSEL (Doc. Ent. 1 at 6), DEFENDANTS' EX PARTE MOTION TO EXCEED PAGE LIMIT (Doc. Ent. 9), DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO SEAL DOCUMENTS (Doc. Ent. 12), PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME (Doc. Ent. 20) and PLAINTIFF'S MOTION FOR DISCOVERY (Doc. Ent. 21)**

**A. Plaintiff filed this complaint[1] against sixteen (16) defendants.**

**1.** Bryan Cary (#269436) is currently incarcerated at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon, Michigan. On August 29, 2011, while incarcerated at LRF, Cary filed this lawsuit against sixteen (16) defendants, each of whom described as an employee at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. Doc. Ent. 1 at 1-2.

  The facts underlying plaintiff's complaint begin on April 12, 2011, when Cary sought treatment for "bleeding from a 1 inch or so gash in [his] arm." Doc. Ent. 1 at 3-4. His claims are based upon the First, Eighth and/or Fourteenth Amendments. Doc. Ent. 1 at 4. Plaintiff seeks an award of $20,000 and payment of his filing fees and court costs. Doc. Ent. 1 at 5.

---

[1]On July 21, 2011, Cary filed another lawsuit, *Cary v. Eaton, et al.*, Case No. 2:11-cv-13151-SFC-MKM. However, that complaint was dismissed with prejudice on October 17, 2011.

**2.** Cary also filed an application to proceed in forma pauperis. Doc. Ent. 2. This application was granted on September 1, 2011. Doc. Ent. 4.

**B.** **An appearance of counsel has been entered on behalf of six (6) of the remaining eight (8) defendants.**

On October 27, 2011, Judge Duggan entered an opinion and order of partial summary dismissal by which defendants Johnsen, Nichols, Rinlman, Long, Doering, Eaton, Chapman and McRoberts were terminated as defendants. However, Judge Duggan's order also stated:

> Plaintiff alleges a viable medical care claim against Defendants Leffler, Downard, McMurtrie, King, the unknown officer, Howard, Wensko, and Gibbs and retaliation claim against Defendants Leffler, Downard, and McMurtrie. Those claims and Defendants are not subject to summary dismissal.

Doc. Ent. 5.[2]

An appearance of counsel has been entered on behalf of Defendants Robin Howard, Gary McMurtrie, Joseph Downard, Gayline Gibbs, Jeffery Wensko and Gary King. Doc. Ent. 8. At this time, it does not appear that named defendant Leffler and the unknown officer have been served.[3]

**C.** **Howard, McMurtrie, Downard, Gibbs, Wensky and King Have Filed a Motion for Summary Judgment.**

On December 20, 2011, defendants Howard, McMurtrie, Downard, Gibbs, Wensko and King filed a motion for summary judgment, wherein they argue:

---

[2]On October 27, 2011, Judge Duggan entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. Doc. Ent. 6. On October 28, 2011, the U.S. Marshal acknowledged receipt of seven (7) sets of documents for service of process. Doc. Ent. 7. Service by mail was attempted on November 1, 2011.

[3]On March 7, 2012, the U.S. Marshal requested an order directing service as to Leffler. Judge Duggan entered such an order on March 14, 2012. Doc. Ent. 22.

I.  Plaintiff has not properly exhausted as to Defendants McMurtrie or Downard regarding his claim that they retaliated against him by falsifying psychological reports because he did not file and/or properly appeal a grievance naming them regarding the issue stated in his Complaint.

II. Plaintiff claims that his Eighth Amendment rights were violated when MDOC Defendants delayed or refused treatment for a cut to his forearm. Plaintiff cannot show deliberate indifference in this matter because Plaintiff's small laceration does not amount to a serious medical issue. Moreover, Plaintiff was treated appropriately and his small laceration healed quickly and without any lasting issues.

III. Plaintiff cannot satisfy the elements of a retaliation claim and Defendants McMurtrie and Downard can demonstrate that their actions, namely issuing misconduct tickets for which Plaintiff was ultimately found guilty, were based on reasons other than Plaintiff's exercise of a protected right.

IV. Defendants are entitled to Eleventh Amendment and Qualified immunities on Plaintiff's remaining claims.

Doc. Ent. 10 at 10-34.

Among the twenty (20) exhibits to defendants' motion [Exhibits A-T] are excerpts of plaintiff's medical records, which defendants submitted to the Court under seal. Doc. Ent. 10-2 [Exhibit A]; Doc. Ent. 11 at 1-12 [Sealed Exhibit A]. The other exhibits include a misconduct ticket (Doc. Ent. 10-3 [Exhibit B]), grievances (Doc. Entries 10-5, 10-6, 10-7 [Exhibits D-F]), misconduct hearing reports (Doc. Entries 10-10, 10-11, 10-12, 10-13, 10-14, 10-15, 10-21 [Exhibits I-N & T]), a request for rehearing response (Doc. Ent. 10-18 [Exhibit Q]) and a misconduct report (Doc. Ent. 10-20 [Exhibit S]).[4]

On January 11, 2012, I entered an order requiring plaintiff to file any response on or before February 8, 2012. Doc. Ent. 16. On January 17, 2012, plaintiff filed a response, which

---

[4]On December 20, 2011, Judge Duggan referred this case to me to conduct all pretrial matters. Doc. Ent. 15; *see also* Doc. Entries 13-14.

contains a statement of facts (Doc. Ent. 18 at 1-3), an Argument I (Doc. Ent. 18 at 4-7), an Argument II (Doc. Ent. 18 at 8-12), and an Argument III (Doc. Ent. 18 at 13-18). Doc. Ent. 18 at 1-18.

**D.     Discussion**

**1.**     Along with his August 29, 2011 complaint (Doc. Ent. 1), plaintiff also filed a motion "for the Court to request assistance of counsel[.]" Doc. Ent. 1 at 6. Plaintiff filed his motion pursuant to 28 U.S.C. § 1915(e)(1), which provides, "[t]he court may request an attorney to represent any person unable to afford counsel."

In support of his request, plaintiff notes that he "is not trained in the 'science of law'[,]" and does not have a business, company or organization "to provide an attorney for him as the defendants do." Doc. Ent. 1 at 6 ¶ 2. Plaintiff also notes that he has "bipolar personality disorder and the comprehension of a 6th grade child." Doc. Ent. 1 at 6 ¶ 3. He also requests that, if counsel is not provided, "please forward plaintiff any and all court rules, [procedures], and what motions are able to be filed." Doc. Ent. 1 at 6 ¶ 5.

Thus far, plaintiff has filed his complaint (Doc. Ent. 1); an application to proceed in forma pauperis (Doc. Ent. 2), which was granted by this Court; a "statement of reasons for delay of one copy of [certain documents] to this Honorable Court[,]" (Doc. Ent. 17); a response (Doc. Ent. 18) to defendants' dispositive motion; a notarized statement of depositing motion pursuant to Fed. R. App. P. 25(a)(2)(C) and a certificate of service (Doc. Ent. 19); a motion for extension of time to file response/reply (Doc. Ent. 20); and a motion for discovery (Doc. Ent. 21) on his own behalf.

Upon consideration, plaintiff's August 29, 2011 motion to request assistance of counsel (Doc. Ent. 1 at 6) is denied without prejudice to renewal if plaintiff's case survives dispositive motion practice or proceeds to trial.

**2.** Along with their December 20, 2011 motion for summary judgment (Doc. Ent. 10), defendants filed an ex parte motion to exceed page limit (Doc. Ent. 9). The Local Rules of this Court provide, "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 20 pages. A person seeking to file a longer brief may apply ex parte in writing setting forth the reasons." E.D. Mich. LR 7.1(d)(3)(a).

Citing this rule, defendants request an order "permitting them to exceed the 20-page limit for briefs . . . because of the number of issues raised by Plaintiff's Complaint." Doc. Ent. 9 ¶ 2. Defendants claim that their brief "is not unduly long, being only 29 pages." Doc. Ent. 9 at 3.

Defendants' December 20, 2011 motion for summary judgment is one (1) page in length (Doc. Ent. 10 at 1). Defendants' brief in support is thirty-four (34) pages in length (Doc. Ent. 10 at 2-35), of which the first five pages (Doc. Ent. 10 at 2-6) are the title page, a concise statement of issues presented and the controlling or most appropriate authority.

Upon consideration, defendants December 20, 2011 ex parte motion to exceed page limit (Doc. Ent. 9) is granted. The Court will recognize defendants' entire 35-page December 20, 2011 filing (Doc. Ent. 10) in its disposition of the motion.

**3.** Along with their December 20, 2011 motion for summary judgment (Doc. Ent. 10), defendants filed a motion for a protective order to seal documents. Doc. Ent. 12. Citing E.D. Mich. LR 5.3 ("Civil Material Filed Under Seal"), defendants request "a protective order . . . to

file under seal Defendants' Exhibit A, Excerpts of Plaintiff's Medical Records[.]" Doc. Ent. 12 at 1.

In support of their request that the Court "enter a protective order sealing Defendants' Exhibit A[,]" Doc. Ent. 12 at 2, defendants explain that the excerpts of plaintiff's medical records are relevant and contend that Exhibit A should "be accepted under seal to protect the confidentiality and privacy of the Plaintiff." Doc. Ent. 12 at 3. Upon consideration, defendants' December 20, 2011 motion for a protective order to seal documents is granted. In other words, Exhibit A (Doc. Ent. 10-2, Doc. Ent. 11 [Sealed Exhibit A]) should remain under seal.

**4.** At the same time plaintiff filed his January 17, 2012 response (Doc. Ent. 18), he also filed a motion (Doc. Ent. 20) for enlargement of time to file a brief in opposition to defendants' motion for summary judgment. Therein, plaintiff requests "that he be afforded additional time to file a Response to the [defendants'] motion." Doc. Ent. 20 at 2 ¶ 5. Specifically, he asks for "an additional 30 days so as to allow him to file a Response that is both comprehensive and germane to the Attorney General's Motion." Doc. Ent. 20 at 3.

In support of his request, plaintiff cites Fed. R. Civ. P. 6(b) ("Extending Time.") and E.D. Mich. LR 7.1 ("Motion Practice"), as well as *Johnson v. Harper*, 66 F.R.D. 103 (E.D. Tenn. 1975); *Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir. 1959); and *Schram v. O'Connor*, 2 F.R.D. 192 (E.D. Mich. 1941) (Picard, J.). Doc. Ent. 20 at 4-5. Plaintiff explains that the "unavailability of legal assistance at his present place of incarceration, the delay in obtaining photocopies only obtained from his Correctional Facility Administration, and the need to forward pleadings to his legal assistance provider, cannot be avoided." Doc. Ent. 20 at 4. He claims he

received his copy of defendants' December 20, 2011 motion (Doc. Ent. 10) on Monday, January 2, 2012,[5] which did not leave plaintiff adequate response time. Doc. Ent. 20 at 5.

Although filed with the Court on January 17, 2012, both plaintiff's motion for an extension of the time to respond (Doc. Ent. 20 at 6) and plaintiff's response (Doc. Ent. 18 at 18) are dated January 10, 2011. As noted above, on January 11, 2012, I entered an order requiring plaintiff to file any response on or before February 8, 2012. Doc. Ent. 16.

Therefore, the Court suspects that plaintiff's motion (Doc. Ent. 20) - dated January 10, 2011 and filed January 17, 2011 - was an effort to make the Court recognize his response (Doc. Ent. 18) - also dated January 10, 2012 and filed January 17, 2011 - which would have been tardy under E.D. Mich. LR 7.1(e)(1)(B)[6] if the Court had not entered its January 11, 2012 order (Doc. Ent. 16) setting the response deadline for February 8, 2012. In other words, but for the Court's January 11, 2012 order setting the response deadline for February 8, 2012, plaintiff's response to defendants' December 20, 2011 motion for summary judgment (Doc. Ent. 10) would have been due on or about January 13, 2012. Fed. R. Civ. P. 6(d).

Upon consideration, the Court will recognize plaintiff's 18-page January 17, 2012 response (Doc. Ent. 18) in the Court's disposition of defendants' December 20, 2011 motion for summary judgment (Doc. Ent. 10).

---

[5]Plaintiff's January 17, 2012 request for an extension actually lists December 2, 2011 as the date on which he received defendants' December 20, 2011 (Doc. Ent. 10) motion. The Court assumes plaintiff meant to state he received his copy of defendants' motion on Monday, January 2, 2011.

[6]"A response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B).

**5.** At the same time plaintiff filed his January 17, 2012 response (Doc. Ent. 18), plaintiff filed a motion for discovery. Doc. Ent. 21. Therein, plaintiff requests copies of certain documents (Doc. Ent. 21 ¶¶ 1-10) and asks the Court to "obtain names and statements from [certain] witnesses for Plaintiff as he has no access to [them][.]" Doc. Ent. 21 ¶ 11. Plaintiff requests that the Court "grant his request for discovery so as to and upon the grant of said discovery the Court allow him to file a Response that is both comprehensive and germane to the Attorney General's Motion." Doc. Ent. 21 at 3.

It does not appear that plaintiff has served his requests for discovery in accordance with the Federal Rules of Civil Procedure, particularly Fed. R. Civ. P. 33 ("Interrogatories to Parties") and Fed. R. Civ. P. 34 ("Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes"), each of which provides a thirty (30) day window to respond. *See* Fed. R. Civ. P. 33(b)(2) ("Time to Respond."), Fed. R. Civ. P. 34(b)(2)(A) ("Time to Respond."). Furthermore, the Local Rules of this Court provide that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2 ("Form of Discovery Motions"). Additionally, plaintiff's January 17, 2012 motion for discovery (Doc. Ent. 21) is not an affidavit or declaration which satisfies Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant.").

Therefore, plaintiff's January 17, 2012 motion for discovery is denied without prejudice to renewal if plaintiff can illustrate that (1) his requests were served upon defendant(s) in

accordance with Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, (2) the time for defendant(s) to respond to such discovery requests has passed and (3) there has been no response or the response(s) provided is(are) insufficient, or if plaintiff provides an affidavit or declaration in accordance with Fed. R. Civ. P. 56(d).[7]

**E.     Order**

In accordance with the foregoing, plaintiff's August 29, 2011 motion to request assistance of counsel (Doc. Ent. 1 at 6) is DENIED WITHOUT PREJUDICE to renewal if plaintiff's case survives dispositive motion practice or proceeds to trial.

Defendants' December 20, 2011 ex parte motion to exceed page limit (Doc. Ent. 9) is GRANTED.

Defendants' December 20, 2011 motion for a protective order to seal documents (Doc. Ent. 12) is GRANTED.

Plaintiff's January 17, 2012 motion for enlargement of time (Doc. Ent. 20) is GRANTED to the extent it asks the Court to recognize his January 17, 2012 18-page response (Doc. Ent. 18) in its disposition of defendants' December 20, 2011 dispositive motion (Doc. Ent. 10).

Finally, plaintiff's January 17, 2012 motion for discovery (Doc. Ent. 21) is DENIED WITHOUT PREJUDICE.[8]

**IT IS SO ORDERED.**

---

[7]To be sure, no response to this motion has been filed. The Local Rules of this Court provide that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Even though defendants have not filed a response to plaintiff's motion for discovery, it will be denied without prejudice for the reasons stated herein.

[8]Defendants' December 20, 2011 motion for summary judgment (Doc. Ent. 10) will be addressed under separate cover.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| Dated: <u>March 20, 2012</u> | <u>s/Paul J. Komives</u><br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

I hereby certify that a copy of the order was sent on March 20, 2012 to the parties of record by U.S. mail and/or electronic means.

s/Michael Williams<br>
Relief Case Manager for the Honorable<br>
Paul J. Komives