UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

    Plaintiff,

v.

    Case No. 11-13767
    Honorable Patrick J. Duggan

CORRECTIONS OFFICER LEFFLER, et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

On August 29, 2011, Plaintiff, a Michigan Department of Corrections' prisoner, commenced this *pro se* civil rights action against sixteen defendants, prison officials at the Gus Harrison Correctional Facility where he was previously incarcerated. Plaintiff alleges claims under 42 U.S.C. § 1983, specifically that Defendants violated his First and Eighth Amendment rights. On October 27, 2011, this Court summarily dismissed a number of Plaintiff's claims and several of the defendants. Remaining before the Court are two claims: (1) Plaintiff's claim against Defendants Leffler, Downard, McMurtrie, King, Howard, Wensko, Gibbs, and an unknown officer that he was denied medical care in violation of his Eighth Amendment rights; and (2) Plaintiff's claim that Defendants Leffler, Downard, and McMurtrie retaliated against him in violation of his First Amendment rights.

Presently pending before the Court are two motions for summary judgment: a motion filed by Defendants Howard, McMurtrie, Downard, Gibbs, Wensko, and King on December 20, 2011, and Defendant Leffler's motion filed May 7, 2012. Plaintiff has responded to both motions. This Court has referred Plaintiff's lawsuit to Magistrate Judge Paul J. Komives for all pretrial proceedings, including a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 13, 2012, Magistrate Judge Komives issued a Report and Recommendation (R&R) in which he recommends that this Court grant Defendants' motions for summary judgment. (Doc. 33.) Finding that the objective medical record in evidence fails to show that any delay in treatment implicated a serious medical need, Magistrate Judge Komives finds that Plaintiff's Eighth Amendment claim fails as a matter of law. (*Id*. at 8-10.) He therefore recommends that the Court grant summary judgment to Defendants on this claim. (*Id*. at 10.) As to Plaintiff's retaliation claim, Magistrate Judge Komives finds insufficient evidence to establish a causal connection between Plaintiff's protected activity and the misconduct tickets issued by Defendants Leffler, Downard, or McMurtrie. (*Id*. at 11.) Magistrate Judge Komives notes, as well, that Plaintiff has not presented evidence to refute the finding that he was guilty of the charged misconduct and has not established an adverse action with respect to the alleged false report that resulted in Plaintiff having to attend a psychological evaluation. (*Id*. at 12 n.2.) For these reasons, Magistrate Judge Komives also recommends that this Court grant summary judgment on Plaintiff's First Amendment retaliation claim. (*Id*. at 12.)

At the conclusion of his R&R, Magistrate Judge Komives informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 12-13.) Plaintiff filed objections on July 23, 2012. (Doc. 35.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

Plaintiff first objects to Magistrate Judge Komives' evaluation of his Eighth Amendment claim. Plaintiff contends that Magistrate Judge Komives failed to consider arguments Plaintiff raised in a supplemental response to Defendants' motions, specifically that Defendants failed to question Plaintiff as to how he was injured. (Doc. 35 at 1.) Plaintiff also argues that the cut on his arm, which was "1 ½- 2 inches deep, 1 ½ inches long, [and a] ½ inch wide is clearly a sufficiently serious medical issue" that Defendants

3

ignored. (*Id*. at 2.) Neither of these arguments undermine Magistrate Judge Komives' analysis of Plaintiff's Eighth Amendment claim.

With respect to his retaliation claim, Plaintiff argues that he was denied due process with respect to the administrative hearings on the misconduct tickets Defendants issued against him. (*Id*. at 1, 3.) Plaintiff, however, has not presented evidence in this lawsuit to show that he did not engage in the misconduct Defendants alleged and of which he admitted his guilt or was found guilty by hearing officers. In addition, other than temporal proximity, Plaintiff lacks any evidence to show that Defendants issued misconduct tickets or reports against him in retaliation for his requests for medical care or grievances regarding Defendants' responses to his requests. This Court also agrees with Magistrate Judge Komives that Plaintiff did not suffer an adverse action due to the alleged self-harm report.

For the reasons set forth in Magistrate Judge Komives' R&R and for the reasons set forth above, this Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Komives' recommendation to grant Defendants' motions for summary judgment with respect to Plaintiff's remaining claims.

Accordingly,

**IT IS ORDERED**, that the motion for summary judgment filed by Defendants Howard, McMurtrie, Downard, Gibbs, Wensko, and King is **GRANTED** (Doc. 10);

**IT IS FURTHER ORDERED**, that the motion for summary judgment filed by Defendant Leffler (Doc. 28) is **GRANTED**.

Dated: August 13, 2012                s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Bryan Cary, #269436
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

AAG Allan J. Soros

Magistrate Judge Paul J. Komives